## REED *et al.* v. FARGO.

(*Supreme Court, General Term, Fifth Department.* October 19, 1889.)

CARRIERS—LIMITATION OF LIABILITY—EVIDENCE.

Where a carrier fails to give a receipt or to make any other written contract for the shipment of plaintiff's property, it will not be absolved from liability for the negligent destruction of such property by evidence that plaintiffs or their agent previously knew of conditions in the shipping bills, or receipts given, which would discharge defendant from liability in this instance.

Appeal from Seneca county court.

Action by Alexander C. Reed and another against James C. Fargo, president of the American Express Company, for damages for the breaking of a sewing-machine, which defendant had contracted to transport from Waterloo, N. Y., to Auburn, N. Y. Judgment for plaintiffs, affirming a judgment of a justice of the peace. Defendant appeals.

Argued before BARKER, P. J., and MACOMBER, J.

*J. N. Hammond*, for appellant. *Frederick L. Manning*, for respondents.

MACOMBER, J. The machine in question was for sewing heavy leather, which was used by the plaintiffs in their manufacture of neck yokes. The

plaintiffs had obtained the same at Auburn, a few months preceding the time in question, and it was transported to them by the defendant. The defendant's agents at Waterloo, being notified that it was the purpose of the plaintiffs to return the machine to Auburn, sent to the shop, and took it to the railway station. It was mounted on an iron table having 4 legs $3\frac{1}{2}$ feet high, the whole of which weighed about 200 pounds. At the station the machine was placed upon its legs at the center of the platform of a hand truck $2\frac{1}{2}$ feet high and 8 feet long. The platform had stakes in front and rear, but no railing at the sides. The truck having upon it the machine so placed was dragged by two of the defendant's men with much effort and labor between the railway tracks, where the ground was quite uneven, towards the express-car where it was to be placed. The machine so placed upon the car was manifestly top-heavy, and was liable, by reason of any obstruction or inequalities in the ground, to topple over. No precaution, however, was taken by the men, so far as appears, to prevent the occurrence of such an accident. From the jolting of the truck the machine was overturned, and so broken as to be utterly worthless. An attempt has been made by the learned counsel for the appellant to show that, by the previous knowledge of the plaintiffs or of their agent, there were conditions in the shipping bills or receipts given which would discharge the company from liability in this instance, but no receipt or other written contract was made for this shipment. The attempt to prove a verbal agreement between the agents of the defendant and the plaintiffs that the company should be absolved from liability by reason of taking the machine at the rates provided for encased or crated merchandise was wholly unsuccessful. The liability of a common carrier cannot be restricted by any vague or inconclusive evidence. In the absence of clear evidence to the contrary, the duty of the defendant was, for a stipulated price paid, to carry safely from the plaintiffs' store this machine, and safely deliver it at the city of Auburn. It failed to do so, and consequently is liable to respond in damages. The amount of the recovery was $90, which it is shown was the exact value of the machine. The claim of the defendant that its liability was limited to the sum of $50 is not tenable, for the reason that there is no proof that any contract was made thus limiting its liability. The judgment of the county court should be affirmed.

BARKER, P. J., concurs.